# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 10-790V**
Filed: May 19, 2014
Not to be Published

* * * * * * * * * * * * * * * * * * * * * * * * * * *
SYTUN M. BALDWIN,                                 *
                                                  *
                          Petitioner,             *      Stipulation; Attorney Fees
                                                  *      and Costs
            v.                                    *
                                                  *
SECRETARY OF HEALTH AND                           *
HUMAN SERVICES,                                   *
                                                  *
                          Respondent.             *
* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Neal J. Fialkow, Esq.*, Pasadena, CA for petitioner.
*Jennifer L. Reynaud, Esq.*, U.S. Department of Justice, Washington, DC for respondent.


## DECISION AWARDING ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

On November 15, 2010, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"].

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986).  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On August 30, 2013, a decision was issued by Special Master Zane as to the appropriate amount of compensation awarded to petitioner. Judgment entered on October 2, 2013. This case was assigned to me on September 5, 2013.

On March 25, 2014, petitioner filed his motion for attorney fees and costs. On April 11, 2014, respondent filed a motion for extension of time. The motion, which indicated the parties were trying to reach an informal resolution, was granted on April 14, 2014. An amended motion for attorney fees and costs was filed on April 25, 2014, which included the corrected Declaration of Neal J. Fialkow.

On May 13, 2014, the parties filed a stipulation for attorney fees and costs. The stipulation indicates that after informal discussions, petitioner amended her fees and costs request to an amount that respondent does not object. Additionally, pursuant to General Order #9 it conveys that petitioner incurred no personal litigation costs.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate.

**Accordingly, I hereby award the total $43,000.00[3] in the form of a check payable jointly to petitioner and petitioner's counsel of record for petitioner's attorney fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> **s/ Denise K. Vowell**
> **Denise K. Vowell**
> Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).